David J. Byassee, Bar No. 244509
James Whitemyer, Bar No. 185528
PLAIN LEGAL PC
501 N. E. Camino Real, Suite 223
San Clemente, California 92672
(866) 286-5002
Email: service@plain-legal.com

Attorneys for Defendants
KENNETH CHILDS and PARAMOUNT
INVESTIGATIVE SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENZO ZELOCCHI, an individual, | Case No. 2:24-cv-09601-SRM-JPR |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KENNETH CHILDS' AND PARAMOUNT INVESTIGATIVE SERVICES, INC.'S MOTION TO QUASH SERVICE OF SUMMONS** |
| ADAM IZA, and individual; IRIS AU, an individual; RICHARD DUDGEON, an individual; BRYAN RAWLINGS, an individual; CHRISTOPHER QUINTENERO, an individual; MICHAEL QUINTENERO, an individual; TROY WOODY JR., an individual; KATY DIANN WOODY, an individual; THOMAS CORNELIA, an individual; CORNELIA MEDIA, LLC., a Nevada corporation; KENNETH CHILDS, an individual; PARAMOUNT INVESTIGATIVE SERVICES, a California corporation; and DOES 1-10, INCLUSIVE | **[FILED CONCURRENTLY WITH DECLARATION OF ATTORNEY JAMES WHITEMYER WITH EXHIBITS]** |
| | Motion Date:        June 12, 2025 |
| | Motion Time:        1:30 p.m. |
| | Motion Location:  Dept. 9 |
| Defendants. | |

## I.   INTRODUCTION

Defendants   KENNETH   CHILDS   ("Childs")   and   PARAMOUNT INVESTIGATE   SERVICES   INC.   ("Paramount")   (collectively,   "Moving   Parties" and/or "Defendants") hereby move this Court under F.R.C.P § 12(b)(5) for an Order Quashing   Plaintiff   ENZO   ZELOCCHI's   ("Plaintiff")   service   of   Summons   and

1

Complaint.  In support thereof, Defendants state as follows:

## II.    RELEVANT FACTS

Plaintiff's process servers did not attempt to serve Defendants personally, nor did they deliver the documents to an individual authorized to accept service on Defendant's behalf.

Plaintiff's process servers' declarations of due diligence and service (Documents 9-13 filed by Plaintiff in this action) are false.  Plaintiff has not served the summons and complaint to either Childs or Paramount.  Plaintiff's process servers allegedly completed substitute personal service by leaving documents with a "Jane Doe" security guard in the lobby of the U.S. Bank Tower, 633 W. 5th St., Los Angeles, California.  This is not valid substitute service.  Furthermore, Plaintiff's process server's declarations falsely indicate Childs is Paramount's registered agent for service of process.  Paramount's registered agent for service is local attorney David Queen, Esq.  Next, Plaintiff's process server's declaration of due diligence describes no attempts to personally serve Childs or Mr. Queen; and no attempt to contact the 26th floor of the U.S. Bank Building (the 26th floor is a "virtual" shared office suite at which Paramount is a "virtual tenant").  Plaintiff's process server's declarations of service falsely declare he served the documents on the 26th floor; when in fact, per his own declarations of due diligence, he did not go to the 26th floor.

The existence of the present lawsuit, and Plaintiff's false claim that Defendants were served, is a recent surprise to Defendants and Defendants' counsel.  Moving Parties have been co-defendants with Plaintiff since 2022 in state court litigation (*Iza v. Zelocchi, et al.*, LASC Case No. 22STCV28325, and *Au v. Zelocchi, et al.*, LASC Case No. 22STCV35638) involving the same main parties, same facts, and same core issues as the present case.[1]   Defendants are represented by the same counsel who

---

[1] The present lawsuit is the sixth civil lawsuit involving mostly the same parties, core facts, and core issues; and the second "secret" lawsuit filed by Plaintiff Zelocchi against one or more parties herein while the other litigation is pending.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KENNETH CHILDS' AND
PARAMOUNT INVESTIGATIVE SERVICES, INC.'S MOTION TO QUASH SERVICE OF SUMMONS

PLAIN
LEGAL
PC

represents them in the present action.  Plaintiff is still represented in the two state court actions by attorney John Sullivan, Esq.  At no time did Mr. Sullivan or Mr. Zelocchi indicate to Defendants or their counsel they were initiating new related litigation in Federal court, trying to serve defendants, or anything else.  The invalid purported service to Defendants is an obvious attempt to "sneak to the court" for a default judgment.  This should not be rewarded.

### III.  <u>ARGUMENT</u>

Service of process must strictly comply with F.R.C.P § 4, which states service within a judicial district of the United States must be effectuated by:

- Delivering a copy of the summons and complaint to the individual personally;

- Leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

- Serving in accordance with state law where the district court is located or where service is made.

In this case, Plaintiff did none of the above.  Leaving the documents with a "Jane Doe" security guard – a third party unaffiliated with Defendant – fails to satisfy the personal service requirement, nor is it valid substitute service under California state law.  For substitute service, Code of Civil Procedure §§ 415.20 and 416.10 require the summons and complaint to be left "with the person who is apparently in charge" of the "office" of the person to be served.  At least one court confirmed that delivering process to a security guard does not constitute valid substitute service under California (or Federal) law.  See *Mech. Mktg. v. Sixxon Precision Mach. Co.* (5:CV 11-01844 EJD) (N.D. Cal.) 2011 U.S. Dist. LEXIS 115613.  As such, the attempted service is invalid.

Furthermore, Defendants are exceedingly easy to serve – at their designated agent for service of process, attorney David Queen, Esq. – and Plaintiff (and his process server) would have known this had they bothered to look on the Secretary of



3

State's website.

## IV.    MEET AND CONFER OF COUNSEL INEFFECTIVE

Counsel have met and conferred, and are at an impasse.  (See Declaration of James Whitemyer.)  Mr. Lazo indicated he would proceed to default as though service was valid if Defendants did not answer (thereby waiving demur and/or motion to strike).  Since Defendants will be filing pleading challenges after they are served, this "blackmail" (for lack of a nicer term) necessitates the present motion as a response.

## V.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order granting the present motion, quashing the purported service of the summons and complaint to defendants, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,


PLAIN LEGAL PC


DATED: March 31, 2025        By:  */s/James Whitemyer*
                                  David J. Byassee
                                  James Whitemyer
                                  Attorneys for Defendants
                                  KENNETH CHILDS and PARAMOUNT
                                  INVESTIGATIVE SERVICES, INC.

## **<u>CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2</u>**

The undersigned, Counsel of Record for Defendants Kenneth Childs and Paramount Investigative Services, Inc., certifies that this brief contains 806 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

PLAIN LEGAL PC

DATED: March 31, 2025          By: */s/James Whitemyer*
                                              David J. Byassee
                                              James Whitemyer
                                              Attorneys for Defendants
                                              KENNETH CHILDS and PARAMOUNT
                                              INVESTIGATIVE SERVICES, INC.

PLAIN
LEGAL
PC

# CERTIFICATE OF SERVICE

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

Case Name: *Enzo Zelocchi v. Adam Iza, et al.*
Case No. 2:24-cv-09601-SRM-JPR

      I, James Whitemyer, am at least eighteen years of age. My business address is 501 N. El Camino Real, Suite 223, San Clemente, California 92672. I am not a party to the above-entitled action.

      On March 31, 2025, I have caused service of:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KENNETH CHILDS' AND PARAMOUNT INVESTIGATIVE SERVICES, INC.'S MOTION TO QUASH SERVICE OF SUMMONS**

| | |
|---|---|
| Marc Y. Lazo<br>K & L LAW GROUP PC<br>2646 Dupont Drive, Suite 60340<br>Irvine, CA 92612 | T: (949) 216-4002<br>F: (855) 471-1111<br>mlazo@kllawgroup.com<br><br>Attorneys for Plaintiff<br>Enzo Zelocchi |

      **BY UNITED STATES DISTRICT COURT ECF SYSTEM**: I caused the document to be electronically filed with Clerk of the United States District Court using its ECF System, which electronically notifies the party listed in the Service List.

      **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on March 31, 2025, at Orange County, California.

*/s/ James Whitemyer*
James Whitmyer