1  David J. Byassee, Bar No. 244509
   James Whitemyer, Bar No. 185528
2  PLAIN LEGAL PC
   501 N. E. Camino Real, Suite 223
3  San Clemente, California 92672
   (866) 286-5002
4  Email: service@plain-legal.com

5  Attorneys for Defendants
   KENNETH CHILDS and PARAMOUNT
6  INVESTIGATIVE SERVICES, INC.

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 ENZO ZELOCCHI, an individual, | Case No. 2:24-cv-09601-SRM-JPR |
| 12      Plaintiff, | |
| 13   v. | **DEFENDANT KENNETH CHILDS' AND PARAMOUNT INVESTIGATIVE SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** |
| 14 ADAM IZA, and individual; IRIS AU, an individual; RICHARD DUDGEON, an individual; BRYAN RAWLINGS, an individual; CHRISTOPHER QUINTENERO, an individual; MICHAEL QUINTENERO, an individual; TROY WOODY JR., an individual; KATY DIANN WOODY, an individual; THOMAS CORNELIA, an individual; CORNELIA MEDIA, LLC., a Nevada corporation; KENNETH CHILDS, an individual; PARAMOUNT INVESTIGATIVE SERVICES, a California corporation; and DOES 1-10, INCLUSIVE | |
| 21      Defendants. | Motion Date:    July 17, 2025<br>Motion Time:    1:30 p.m.<br>Motion Location: Dept. 5D |

23  **I.   INTRODUCTION**

24      Defendants KENNETH CHILDS, a California licensed private investigator,

25  and his company PARAMOUNT INVESTIGATE SERVICES INC. (collectively,

26  "Childs", "Moving Parties" and/or "Defendants") hereby move to dismiss the

27  Complaint against Childs pursuant to FRCP 12(b)(6) on the grounds that Cause of

28  Action No. 12 False Light Invasion of Privacy is barred by the statute of limitations

and fails to state a cause of action against Childs; and Cause of Action No. 1 Civil RICO (18 U.S.C. § 1962, "civil RICO") fails to state a cause of action against Childs.

## II.     FACTS PLEADED IN THE COMPLAINT

Childs requests this Court take judicial notice of Plaintiff's Complaint filed herein. (Document 1.) Plaintiff's Complaint alleges as follows:

(a)  Ken Childs is a private investigator who runs a private investigative business called Paramount Investigative Services, Inc. (Complaint 6:16-7:2);

(b)  Childs "was hired by" ADAM IZA ("Iza") to conduct allegedly unlawful surveillance of Plaintiff Between November 2021 and March 2022 (Complaint 6:18, 6:25-26, 10:14-19, 11:26-12:4);

(c)  The surveillance information was used by Iza to "plan and execute multiple attacks" against Plaintiff and non-party David Do (Complaint 10:14-19) [Childs is not being sued herein for assault, battery, and/or extortion];

(d)  Iza and internet content creator Spencer Thomas Cornelia ("Cornelia") allegedly used the fruits of Child's surveillance (photos of Plaintiff) to intimidate, extort, and embarrass Plaintiff via the "May 2022" making and posting of negative social media videos about Plaintiff (on YouTube, etc.) that in part used altered surveillance photos of Plaintiff (Complaint 14:21-15:17, 21:7-12); and

(e)  This was done in furtherance of an alleged criminal conspiracy led by Iza, Troy Woody ("Woody"), Mir Islam (not a defendant), and/or Milad Sarwari (not a defendant) that:

(1)  Commenced July 16, 2018, with Woody's alleged computer tampering and attempted extortion (Complaint 8:2-5, 9:17-10:13); or

(2)  Commenced "December 2018" when Iza himself induced Plaintiff to part with $30,000; and continued to

(2)  The last overt act alleged in the Complaint – Iza sending an unspecified threatening private telegram message to Plaintiff (not published or disseminated) "in or around February 2023" (Complaint

15:17-22).

(f)　　The present lawsuit was filed on November 6, 2024.

## III. LEGAL STANDARD

Under Rule 12(b)(6), dismissal is appropriate where the complaint fails to state a claim upon which relief may be granted. Also, a motion to dismiss based on the statute of limitations may be granted if the untimeliness of the claim appears on the face of the complaint. See United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc., 720 F.3d 1174, 1178 (9th Cir. 2013).

## IV. ARGUMENTS

### A. FALSE LIGHT INVASION OF PRIVACY (CAUSE OF ACTION NO. 12) – STATUTE OF LIMITATIONS VIOLATED

Code of Civil Procedure § 340(c) provides a one-year statute of limitations for "false light invasion of privacy" claims. *Maheu v. CBS, Inc.* ("*Maheu*") (1988) 201 Cal.App.3d 662, 676 (citing *Johnson v. Harcourt, Brace, Jovanovich, Inc.* (1974) 43 Cal.App.3d 880, 895-896). Furthermore, "the statute cannot be tolled indefinitely by the allegation of a conspiracy". *Maheu*, supra.

Plaintiff's Complaint alleges Childs' surveillance occurred between November 2021 and March 2022. Plaintiff does not allege he was unaware of the surveillance; but even if he was, he was aware of the publication of surveillance photos no later than May 2022 when Iza and Cornelia allegedly posted their videos online. Per the Complaint, the May 2022 videos were the only public publication of surveillance photos. All of these events (November 2021 to May of 2022) occurred well over two (2) years before Plaintiff filed the present action – not within the one (1) year limitation period.[1] Plaintiff does not allege licensed private investigator Childs did anything other than perform surveillance. Plaintiff does not allege fraudulent

---

[1] This would remain true if Plaintiff were to change his cause of action against Childs to Intentional Infliction of Emotional Distress (2-year limitations period, per Code of Civil Procedure § 335.1).

concealment on the part of anyone that may toll a cause of action. See <u>Grimmett v. Brown</u>, 75 F.3d 506, 514 (9th Cir. 1996) (failure to plead fraudulent concealment is a waiver of tolling defenses).

### B.  FALSE LIGHT INVASION OF PRIVACY (CAUSE OF ACTION NO. 12) – FAILURE TO STATE CAUSE OF ACTION

"The cause of action for invasion of privacy includes three elements: (1) public disclosure of (2) private facts which are (3) offensive and objectionable to a reasonable person of ordinary sensibilities. [Citation.]" *Wasser v. San Diego Union* (1987) 191 Cal.App.3d 1455, 1460.  Plaintiff's Complaint does not sufficiently allege any of these elements.

Plaintiff's Complaint does not attach or sufficiently describe the photos or videos that purportedly painted him in a false light.  We can't see the public disclosure, we can't see the private fact, and we thus can't see if they are indeed in the realm of offensive and objectionable.  As such, there is nothing within, or attached to, the Complaint to gauge the sufficiency of the facts supporting the cause of action.

Next, Plaintiff describes himself as a "film producer, actor and entrepreneur . . . engaged in various business ventures, including A-Medicare, a healthcare platform aimed at providing secure access to universal healthcare."  (Complaint 3:11-15.) Plaintiff considers himself a "public figure."[2]  The Supreme Court has "defined a zone of constitutional protection within which one could publish concerning a public figure without fear of liability. That constitutional protection does not depend on the label given the stated cause of action [citation]; <u>it bars not only actions for defamation, but also claims for invasion of privacy</u> [citations]." *Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 265 (underline added).  As a public figure, and with no

---

[2] Indeed, Plaintiff's 2023 complaint against Iza (*Zelocchi v. Iza* 23BHSC01303 – same core facts and allegations as the present case) states outright "I'm a public figure (actor and producer)…"  Be that as it may, the Complaint herein sufficiently describes Plaintiff as a public figure without need of further corroboration by another pleading.

4
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

extraordinary circumstances pleaded, Plaintiff's "false light invasion of privacy" cause of action should be barred.

### C. **VIOLATION OF RICO 18 U.S.C. § 1964(c) (d) ("CIVIL RICO") (CAUSE OF ACTION NO. 1) – FAILURE TO STATE A CAUSE OF ACTION**

The civil RICO statute prohibits four types of activities: (1) investing in, (2) acquiring, or (3) conducting or participating in an enterprise with income derived from a pattern of racketeering activity or collection of an unlawful debt, or (4) conspiring to commit any of the first three types of activity. 18 U.S.C. § 1962(a)-(d). RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." Oscar v. Univ. Students Co-op. Ass'n, 965 F.2d 783, 786 (9th Cir. 1992) (abrogated on other grounds by Diaz v. Gates, 420 F.3d 897 (9th Cir. 2005)). Plaintiffs' civil RICO cause of action is brought under 18 U.S.C. § 1962(c) and (d), the conduct and conspiracy prongs of the statute. However, to recover under any variety of civil RICO, a plaintiff must demonstrate injury to business or property. "Without a harm to a specific business or property interest . . . there is no injury to business or property within the meaning of RICO." Diaz at 900. Specifically, personal-type injuries, including physical injuries, mental anguish (embarrassment, humiliation, etc.), and pain and suffering, are not compensable under civil RICO. Id. at 899-900 (distinguishing non-compensable personal harm claims from Diaz's compensable employment losses); see also Rylewicz v. Beaton Services, Ltd., 888 F.2d 1175, 1180 (7th Cir. 1989) (harassment and intimidation of litigants could not support civil RICO claim).

The prayer for damages in Plaintiff's Complaint (Complaint 39:11-40:7) states no claim for Zelocchi's business or property loss. Plaintiff's Complaint asks for all of his unspecified damages to be trebled (line 1), asks for punitive damages (line 2), asks for "presumed damages, as allowed for defamation per se and false light invasion of privacy" (line 3), asks for attorney fees (line 4), asks for injunctive relief prohibiting

future defamation and litigation (line 5), asks for the return of non-party <u>David Do's</u> allegedly stolen laptop (from no particular defendant, and without pleading any right to recover Mr. Do's property)[3] (line 6), and asks for unspecified "other relief" (line 7). That is every claim for damages in the Complaint – and <u>none are for Plaintiff's own "injury to business or property"</u>.

### 1. SECTION 1962(c) "CONDUCT" CLAIM NOT STATED

To recover under § 1962(c), a plaintiff must prove (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation. See <u>Living Designs, Inc. v. E.I. Dupont de Nemours & Co.</u>, 431 F.3d 353, 361 (9th Cir. 2005). As discussed, there is no injury to Plaintiff's business or property pleaded in the Complaint, but it is deficient on the other elements as well.

The "conduct" element of § 1962(c) requires that the defendant have some part in <u>directing</u> the affairs of the RICO enterprise. See <u>Reves v. Ernst & Young</u>, 507 U.S. 170, 179 (1993); <u>Walter v. Drayson</u>, 538 F.3d 1244, 1249 (9th Cir. 2008). In <u>Walter</u>, the court held that a law firm, even if "part" of a RICO enterprise, was not liable under RICO without having a role in the enterprise's management and operation. <u>Id.</u> "Simply performing services for the enterprise does not rise to the level of direction, whether one is 'inside' or 'outside.'" <u>Id.</u>

There is no allegation in the Complaint that Childs was directing any aspect of the alleged RICO enterprise; or for that matter, even told anyone else what to do. Furthermore, the Complaint clearly confirms Childs "was hired" by Iza to surveil Plaintiff – a narrow "for hire" hourly rate type task obviously within the wheelhouse of a private investigator. Plaintiff may counter that surveillance was excessive and/or

---

[3] Not to be confused with a laptop owned by Plaintiff (or dispossessed crypto currency accessible therefrom), for which Plaintiff does not seek compensation via his Complaint.

unlawful. However, this is of no consequence to civil RICO liability. Whether Childs "rendered his services well or poorly, properly or improperly, is irrelevant" to the civil RICO "conduct" requirement. Id.

No single, formal RICO "enterprise" is alleged – like a corporation or gang to which all defendants belong. Rather, for the "enterprise" element, Plaintiff alleges an associated-in-fact enterprise, i.e., "a group of persons associated together for a common purpose of engaging in a course of conduct." Boyle v. United States, 556 U.S. 938, 945-46 (2009). For individual liability in this context, a defendant must be "aware of the essential nature and scope of [the] enterprise and intended to participate in it." United States v. Christensen, 801 F.3d 970, 985 (9th Cir.), opinion amended and superseded on denial of reh'g, 828 F.3d 763 (9th Cir. 2015). There is no clear allegation in the Complaint that Childs was aware of Iza's alleged underlying larcenous scheme – only that he "was hired" by Iza.

Plaintiff's § 1962(c) claim against Childs also fails for a lack of a "pattern". The Complaint alleges Iza and Woody were scheming against Plaintiff from 2018 to 2023, but only alleges Childs was hired by Iza to surveil Plaintiff from November 2021 to March 2022, without indicating how often the surveillance took place. Activity spanning only several months is unlikely to satisfy the "pattern" requirement, particularly where the alleged acts do not "specifically threaten repetition or . . . become a regular way of doing business." See Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1528 (9th Cir. 1995); see also Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 366-67 (9th Cir. 1992). Childs is certainly not alleged to have made a business out of surveilling Plaintiff, or anything similar.

## 2. SECTION 1962(d) "CONSPIRACY" CLAIM NOT STATED

A RICO conspiracy under § 1962(d) may be established by proof of an agreement to commit a substantive violation of RICO. See Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n, 298 F.3d 768, 774-75 (9th Cir. 2002). However, the conspirator must have been "aware of the essential nature and scope of the enterprise

and intended to participate in it." <u>Baumer v. Pachl</u>, 8 F.3d 1341, 1346 (9th Cir. 1993). There is no "agreement to commit a substantive violation of RICO" specifically alleged in the Complaint. Furthermore, as mentioned, there is no clear allegation in the Complaint that Childs was even aware of Iza's alleged underlying larcenous scheme – only that he "was hired" by Iza.

## V. CONCLUSION

Plaintiff's cause of action No. 12 for false light invasion of privacy is barred under California law by the one-year statute of limitations, and would also be barred by a two-year statute of limitations in Plaintiff amended his Complaint. It also fails to state a valid claim because no publications accompany the Complaint and Plaintiff is (per him) a public figure.

Plaintiff's cause of action No. 1 for civil RICO fails to state a cause of action because of multiple failures to allege sufficient and actionable elements of "conduct" and/or "conspiracy" civil RICO – chiefly, no property and business losses are alleged, and as to Childs, no specific agreement to violate RICO is alleged.

Because these deficiencies cannot be cured by amendment as to Childs, dismissal with prejudice is appropriate.

Respectfully submitted,

PLAIN LEGAL PC

DATED: June 17, 2025        By:  /s/ James Whitemyer
                                 James Whitemyer
                                 Attorneys for Defendants
                                 KENNETH CHILDS and PARAMOUNT
                                 INVESTIGATIVE SERVICES, INC.

# CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2

The undersigned, Counsel of Record for Defendants Kenneth Childs and Paramount Investigative Services, Inc., certifies that this brief contains 2196 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

PLAIN LEGAL PC

DATED: June 17, 2025                    By:     /s/ James Whitemyer
                                                James Whitemyer
                                                Attorneys for Defendants
                                                KENNETH CHILDS and PARAMOUNT
                                                INVESTIGATIVE SERVICES, INC.

# CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

Case Name: *Enzo Zelocchi v. Adam Iza, et al.*
Case No. 2:24-cv-09601-SRM-JPR

I, James Whitemyer, am a citizen of the United States and am at least eighteen years of age. My business address is 501 N. El Camino Real, Suite 223, San Clemente, California 92672. I am not a party to the above-entitled action.

On June 17, 2025, I have caused service of:

**DEFENDANT KENNETH CHILDS' AND PARAMOUNT INVESTIGATIVE SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

| Marc Y. Lazo<br>K & L LAW GROUP PC<br>2646 Dupont Drive, Suite 60340<br>Irvine, CA 92612 | T: (949) 216-4002<br>F: (855) 471-1111<br>mlazo@kllawgroup.com<br><br>Attorneys for Plaintiff<br>Enzo Zelocchi |
|---|---|

**BY UNITED STATES DISTRICT COURT ECF SYSTEM**: I caused the document to be electronically filed with Clerk of the United States District Court using its ECF System, which electronically notifies the party listed in the Service List.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 17, 2025, at Orange County, California.

*/s/ James Whitemyer*
James Whitmyer