FORREST R. MILLER, ESQ, State Bar No. 319976
LAW OFFICE OF FORREST R. MILLER
9440 So. Santa Monica Blvd., Ste. 301
Beverly Hills California 90210
(310) 279-5151
forrestmiller@forrestmillerlaw.com

Attorney for Plaintiff
BRYAN RAWLINGS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENZO ZELOCCHI, an individual,<br><br>                    Plaintiff,<br><br>           vs.<br><br>ADAM IZA, and individual; IRIS AU, an individual; RICHARD DUDGEON, an individual; BRYAN RAWLINGS, an individual; CHRISTOPHER QUINTENERO, an individual; MICHAEL QUINTENERO, an individual; TROY WOODY JR., an individual; KATY DIANN WOODY, an individual; THOMAS CORNELIA, an individual; CORNELIA MEDIA, LLC., a Nevada corporation; KENNETH CHILDS, an individual; PARAMOUNT INVESTIGATIVE SERVICES, a California corporation; and DOES 1-10, INCLUSIVE<br><br>                    Defendants | Case No.: 2:24-cv-09601-SRM-JPR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 4(M)**<br><br>**[FILED CONCURRENTLY WITH DECLARATION OF ATTORNEY FORREST R. MILLER WITH EXHIBITS]**<br><br>Motion Date: January 7, 2026<br>Motion Time: 1:30 p.m.<br>Motion Location: Dept. 9B |

## I.     INTRODUCTION

Defendant Bryan Rawlings ("Mr. Rawlings") hereby moves this Court under F.R.C.P § 12(b)(5) for insufficient service of process and Federal Rule of Civil Procedure 4(m) for failure to timely serve the Summons and Complaint for an Order dismissing Plaintiff's Complaint due to Plaintiff's failure and unreasonable delay in serving the summons and complaint within the statutory timeframe mandated by

F.R.C.P. 4(m) as reinforced by this Court's Standing Order filed in this matter on March 25, 2025; specifically, paragraph **B. Pleading Requirements**.

In support thereof, Defendant states the following:

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) requires dismissal without prejudice or an order for service within a specific time if a defendant is not served within 90 days of the complaint's filing. An exception exists if the plaintiff demonstrates "good cause" for the failure, in which case the court must extend the service time. Motions based on insufficient service fall under Federal Rule of Civil Procedure 12(b)(5). In the Ninth Circuit, the burden shifts to the plaintiff to prove valid service once a 12(b)(5) motion is filed. A showing of "good cause" for delay is required for an extension.

One of the factors to be considered in assessing the efficacy of the Fed. R. Civ. P. 4(m) must be the purpose behind it. "The purpose of Rule 4(m) is to assure that defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay: e.g., loss of evidence, dimming of witnesses' memories, financial commitments based on *not* being sued, etc." Schwarzer, Tashima, & Wagstaffe, *California Practice Guide: Federal Civil Procedure Trial,* § 5:261 (1997 rev.). Matasareanu v. Williams (C.D. Cal. 1998) 183 F.R.D. 242, 247.

The advisory committee of the Judicial Conference of the United States, which is charged with writing the FRCP, felt that promptly prosecuting a claim was critical to the integrity of the civil process and updated FRCP 4(m) in 2015, reducing the time for serving a summons from 120 days to 90 days.

## III.    SUMMARY OF RELEVANT FACTS

Plaintiff filed the Complaint on November 14, 2024. Consequently, timely service of the complaint had to be made by February 12, 2025.

By way of admonishment, the Honorable Wesly, L. Hsu, who was originally assigned to this case, issued to Plaintiff on January 30, 2025, an Order to Show Cause in writing no later than February 13, 2025, why this action should not be dismissed for lack of prosecution. Please see the Civil Minutes of the Order attached hereto as **Exhibit "A"** and made a part hereof. Plaintiff was offered as an alternative to a written response in the form of an Answer; Request to Enter Default; or a Notice of Voluntary

Dismissal. The Order asserted that absent a showing of good cause the action shall be dismissed if the summons and complaint have not been served upon all defendants within 90 days.

On February 20, 2025, Plaintiff filed a request for substitution of an attorney for himself. On February 27, 2025, the case was then assigned to the Honorable Serena R. Murillo. On March 25, 2025, Judge Murillo issued a Standing Order which states in relevant part in paragraph **B. Pleading Requirements** the following:

"1. **Service of the Complaint.** The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Fed R. Civ. P. 4(l). Any Defendant(s), …not served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m) and by operation of this Order without further notice, unless plaintiff requests and justifies the need for additional time in the joint report and the Court grants an extension. The Court will require plaintiff to show good cause to extend the service deadline beyond 90 days." Please see **Exhibit "B"** attached hereto and made a part hereof.

On or about October 12, 2025, Mr. Rawlings was served at his residence a Summons and Complaint. The date of service is 332 days past the date the complaint was filed or 242 days over the 90 day time limit. It should be noted that Plaintiff has failed to file a proof of service in violation of Fed. R. Civ. P. 4(l)(1).

As of the date of this writing, the Court's Docket does not show any filing made by Plaintiff requesting relief from the 90-day requirement. Additionally, the Court has not relieved Plaintiff from complying with Fed. R. Civ. P. 4(m).

**IV.    ARGUMENT**

Service of process must strictly comply with F.R.C.P § 4(m), which requires that a defendant is to be served with the summons and complaint within 90 days of filing the complaint. More to the point: if a defendant is not served within 90 days, the court must dismiss the action without prejudice against the Defendant. A plaintiff could seek relief from the 90-day requirement if there was good cause for failure to serve. Good cause has been found where the defendant has purposefully evaded service. Wei v. State of Hawaii (9th Cir. 1985) 763 F.2d 370, 371, citing 1982 U.S. Code Cong. & Ad. News 4434, 4446 n. 25. The rule places the burden of showing good cause for failure to meet the service deadline

upon the party on whose behalf service was required. *Id* at 372. Delay as a result of a court clerk's conduct has qualified as "good cause". *Puett v. Blandford,* 912 F.2d 270, 273 (9th Cir.1990).

In this matter, Plaintiff has failed to offer any reason(s) which would constitute good cause as well as failed to submit a request to the court asking for an extension within which to serve. During the Meet and Confer conference Attorney Lazo suggested that Mr. Rawlings was evading service for the three weeks leading up to his ultimate service. (See Attorney Miller's Declaration). When asked for an explanation of how Mr. Rawling evaded service, Attorney Lazo stated that no one answered the door when the process server knocked. Mr. Rawlings has lived at the same residence in San Bernardino County for the last year and a half. This address is listed with the Dept of Motor Vehicles, is listed on his California Driver's License and is listed on his Guard Card license through California Department of Consumer Affairs. Please see **Exhibit "C"** attached hereto and made a part hereof. Moreover, waiting more than 8 months past the time allotted for service is not a matter of inadvertence or mistake. Counsel for Plaintiff was substituted into the case on February 20, 2025, only one week after the 90-day requirement lapsed. Counsel has had 8 months within which to file with this court evidence of good cause justifying an 8-month delay.

Plaintiff cannot argue that Mr. Rawlings avoided service as he has lived in San Bernardino County for most of his life and in the same house since the complaint was filed and has worked in the same building in Los Angeles County for several years.

## V.    MEET AND CONFER OF COUNSEL INEFFECTIVE

Mr. Bryan Rawlings retained counsel on October 27, 2025, to represent him in his defense of the claims presented by Plaintiff. He represented that on or about October 12, 2025, someone came to his door and, without knocking, dropped off documents on his doorstep. Mr. Rawlings thereafter contacted my office on October 27, 2025.

Attorney Miller determined that Plaintiff filed the complaint on November 14, 2024, almost one year before the complaint was served.  A review of the Court's Docket showed that Plaintiff hasn't filed a request with the court for an extension within which to serve Mr. Rawlings or any other unserved defendant, outside of the 90 day requirement found in FRCP 4(m).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(1)

4

On October 29, 2025, Attorney Miller trsnsmitted an email to Attorney Lazo, Plaintiff's counsel, requesting an extension if time within which to file a response to the complaint by way of mutual stipulation to allow time to hold an effective Meet and Confer conference as set forth in C.D. Cal. R. 7-3. Attorney Miller offered to prepare the stipulation. Please see email transmission attached hereto as **Exhibit "D"** and made a part hereof.

Over the course of four days, Attorney Miller's office transmitted several emails and made several telephone calls trying to secure a time and date certain to conduct a thorough Meet and Confer conference with Attorney Lazo on the issue of Plaintiff's failure to timely serve the complaint in violation of FRCP 4(m). Each email and telephone message sent to Attorney Lazo specifically addressed the concerns with plaintiff's failure to timely serve the complaint, citing the specific federal rule and urging counsel to enter into a substantive meet and confer conference.

On November 1, at 6:34 in the evening, Attorney Miller was finally able to speak directly with Attorney Lazo wherein counsel advised Attorney Lazo that he wanted to discuss the issues involving Plaintiff's delay in serving the complaint in compliance with the Meet and Confer requirement. Counsel was further advised that Attorney Miller intended to file a motion to dismiss the complaint on the ground of plaintiff's failure to timely serve the complaint as required by FRCP 4(m).

As part of the discussion, Attorney Miller advised counsel that this Court's filed its Standing Order reaffirming FRCP 4(m) and that, absent good cause, the Court would dismiss the complaint against the defendant. Attorney Lazo was asked why eight months elapsed before Mr. Rawlings was served the complaint when the Federal Rules required service within 90 days from the date the complaint was filed. Attorney Lazo offered no response. Attorney Miller then asked that given the eight-month delay, with no good cause offered, would counsel dismiss the complaint against Mr. Rawlings.

Attorney Lazo refused to dismiss the complaint. In an attempt to offer a good cause basis for the delay, Attorney Lazo proposed that Mr. Rawlings was evading service for the last three weeks to which he was asked about the preceding eight months and why service was not attempted on Mr. Rawlings during the preceding eight months. Counsel didn't offer a response. Counsel was then asked what Mr. Rawlings was doing to evade service. Counsel's simple response was that no one opened the door when the process server knocked at the door of where Mr. Rawlings residence. Clearly, Attorney Lazao was

aware of where Mr. Rawlings resided. More to the point, Counsel did not represent that his process server attempted to the serve the complaint "X" number of times, at various times of the day and night, and that each time the server was unsuccessful. As represented, counsel was referencing only one time wherein the process server attempted service at Mr. Rawling's home.

Attorney Miller advised Attorney Lazo that Mr. Rawlings has lived in the same house in San Bernardino County for the last year and a half and that he has worked at the same site in Los Angeles County for over two years. Attorney Miller offered that a good process server would have been able to locate Mr. Rawlings at the time the complaint was filed and that Mr. Rawlings was not evading service.

Attorney Lazo finally offered his only true position: he said that Attorney Miller was wasting the court's time because he would just refile when the court dismissed the complaint against Mr. Rawlings.

**IV.**

**CONCLUSION**

Given plaintiffs' clear and unexcused failure to serve the complaint within 90 days and the absence of good cause, dismissal under FRCP 4(m) is the appropriate outcome. Dismissal should be without prejudice, allowing refiling if the statute of limitations permits and award costs to Defendant.

DATED: November 1, 2025                    Respectfully submitted,

By: _____
FORREST R. MILLER, Attorney for Plaintiff
BRYAN RAWLINGS

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2**

The undersigned, Counsel of Record for Defendant Bryan Rawlings, certifies that this brief contains 1,945 words, which complies with the word limit of L.R. 11-6.1.

**<u>CERTIFICATE OF SERVICE</u>**
**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION**
**Enzo Zelocchi v. Adam Iza, et al.; Case No. 2:24-cv-09601-SRM-JPR**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 9440 So. Santa Monica Blvd., Ste. 301, Beverly Hills California 90210.

On November 3, 2025, I served by mail the foregoing document(s) described as:
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 4(M**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:  See attached service list

___X___ **BY UNITED STATES DISTRICT COURT ECF SYSTEM**: I caused the document to be electronically filed with Clerk of the United States District Court using its ECF System, which electronically notifies the party listed in the Service List.

X____ **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail to the persons at the email addresses listed in the Service List. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 3, 2025, at Beverly Hills, California.

_____
Forrest R. Miller, Esq

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(1)**

## <u>SERVICE LIST</u>

1.    K and L Law Group PC
      2646 Dupont Drive Suite 60340 Irvine, CA 92612
      949-216-4000
      Fax: 800-596-0370
      Email: mlazo@kllawgroup.com

2.    James Whitemyer, Bar No. 185528
      PLAIN LEGAL PC
      501 N. E. Camino Real, Suite 223
      San Clemente, California 92672
      (866) 286-5002
      Email: service@plain-legal.com